# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDISON CARL HESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-924-CDP |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Edison Carl Hester for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay the filing fee.

**The petition and supplement**

Petitioner, an inmate at the St. Louis City Justice Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he is in the process of state court proceedings relative to the alleged violation of his probation concerning a 2009 conviction for burglary. In the instant action, he summarily seeks the "release of personal property from escrow"; an order dismissing state charges, because "[a]s a matter of procedure the Court fail[ed] to answer the motion"; and an order removing

his appointed counsel from the case. In support of his request for habeas corpus relief, petitioner states, "I have solemnly made [a] declaration of change in legal status and therefor forego all the benefits, privileges, and immunities afforded U.S. citizens . . . [but] reserve all my unalienable rights afforded under the Declaration of Independence, the Bill of Rights, [and the Constitution]." In addition, petitioner claims that his appointed attorney is "demonstrating ineffective assistance of counsel."

**Discussion**

The instant action will be summarily dismissed, because petitioner does not state a claim for a constitutional violation, and therefore, he has failed to allege a cognizable basis for relief under § 2254.

Furthermore, the Court notes that in the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Not only will petitioner have the opportunity to raise constitutional challenges in the context of his state probation revocation proceedings, and if necessary, subsequent appeal, but the State of Missouri

provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for time to file a writ of habeas corpus and for access to the law library [Doc. #5], motion for appointment of counsel [Doc. #7], and second motion for leave to proceed in forma pauperis [Doc. #8] are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th Day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE